IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>ALANE T. PODOLL AND MATTHEW M. MURASAKO,<br><br>        Defendants. | CV. NO. 11-00486 DAE-KSC |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On December 2, 2011, the Court heard Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Richard B. Miller, Esq., appeared at the hearing on behalf of Plaintiff; Brian R. Jenkins, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motion and the supporting and opposing memoranda, the Court **DENIES** Defendants' Motion to Dismiss. (Doc. # 8.)

BACKGROUND

Defendants Alane T. Podoll and Matthew M. Murasako (collectively, "Defendants" or "Insureds") purchased a residential property on Maui from Patrick

and Rosineli Curell (collectively, "Curells"). (Doc. # 1 ¶ 9.) On or about March 15, 2011, the Insureds initiated a lawsuit against the Curells in state court alleging that the Curells made material false representations in connection with the sale of the property to the Insureds. (Id. ¶ 8; Doc. # 8 at 3.)

On July 12, 2011, the Curells filed a counterclaim against the Insureds. (Doc. # 8-3.) In their counterclaim, the Curells allege that they own and reside on the property adjacent to the Insureds' property and that the two lots share a common boundary with a fence. (Id. ¶¶ 1–2.) According to the Curells, in the summer of 2007, the Insureds began placing debris against, over, and through the fence between their respective properties and that this debris has damaged and impaired the enjoyment of their property. (Id. ¶ 9.) They contend that this debris, which included pipe, wire, fence posts, and building materials piled in with green waste, blocked the natural drainage reserve area, created pest-related problems, raised health and safety issues, and greatly impaired the exclusive use and occupancy of their property. (Id. ¶¶ 9, 13, 24, 26.) They also contend that the Insureds have intentionally harassed the Curells by accusing them of making noise, making unfounded complaints about them to the Maui Police Department, making invalid complaints regarding alleged fire hazards to the County of Maui Fire Department, and improperly adding Rosineli Curell to a Temporary Restraining

Order without basis. (Id. ¶¶ 28–29.) Based on these contentions, the Curells allege the following causes of action:

- <u>Count I</u>: Nuisance & Negligence (Id. ¶¶ 9–16.)

- <u>Count II</u>: Breach of Covenants, Conditions and Restrictions (Id. ¶¶ 17–19.)

- <u>Count III</u>: Injunctive Relief (Id. ¶¶ 20–24.)

- <u>Count IV</u>: Harassment & Intentional Infliction of Emotional Distress (Id. ¶¶ 25–31.)

In their counterclaim, the Curells pray for an injunction, special damages, general damages, attorneys' fees and costs of suit, and any further relief that the court deems just and proper. (Id. at 8.) In accord with Hawaii Revised Statute § 663-1.3(a), the state court counterclaim does not specify the amount of damages sought.

The Insureds tendered the defense of the counterclaim to their insurance carrier, State Farm Fire and Casualty Company ("Plaintiff" or "State Farm"). (Doc. # 8 at 4.) State Farm issued a homeowners policy to the Insureds. (Doc. # 12 at 3.) That policy, according to State Farm, includes liability coverage for third-party claims with a liability limit of $1 million. (Id.) State Farm also issued a personal umbrella liability policy to the Insureds. (Id.) According to the

Insureds, State Farm accepted the defense of the counterclaim subject to a reservation of rights. (Id. at 4.)

On August 9, 2011, State Farm brought this declaratory judgment action against the Insureds seeking a determination that it has no duty to defend or indemnify the Insureds against the underlying counterclaim brought by the Curells. ("Compl.," Doc. # 1.) In the Complaint, State Farm alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000." (Id. ¶¶ 3–4.)

On September 6, 2011, Defendants filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. ("Mot.," Doc. # 8.) On October 31, 2011, Plaintiff filed a Memorandum in Opposition to the Motion. ("Opp'n.," Doc. # 12.) On November 7, 2011, Defendants filed a Reply in support of their Motion. ("Reply," Doc. # 13.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Robinson v. United

4

States, 586 F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coalition v. U.S. Env't Prot. Agency, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007). "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); see also Meyer, 373 F.3d at 1039. "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction

because a plaintiff must affirmatively allege such jurisdiction." Mason, 260 F. Supp. 2d at 815.

## DISCUSSION

Defendants contend that State Farm has failed to establish subject matter jurisdiction. Specifically, based on the allegations in the underlying counterclaim, Defendants assert that the amount in controversy does not exceed $75,000 and therefore this Court does not have diversity jurisdiction over this action.

Diversity jurisdiction extends to civil actions between citizens of different States where the amount in controversy exceeds $75,000 exclusive of interest and costs.[1] 28 U.S.C. § 1332(a)(1). In cases where the amount in controversy is in doubt, "the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938)). "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102,

---

[1]Defendants do not dispute that there is diversity of citizenship between the parties.

1106 (9th Cir. 2010) (quoting Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000)). The amount in controversy alleged by the proponent of federal jurisdiction–typically the plaintiff in the substantive dispute–controls so long as the claim is made in good faith. Id. To justify dismissal in these cases, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting Crum, 231 F.3d at 1131). Under the legal certainty standard, "a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" Id. (quoting St. Paul Mercury, 303 U.S. at 292.

On the other hand, where a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction–typically the defendant in the substantive dispute–has the burden to prove by a preponderance of the evidence, that removal is proper. Id. at 1106–07. The preponderance of the evidence standard applies in removal cases because "removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" Id. at 1107 (quoting Gaus, 980 F.2d at 566). However, the Ninth Circuit has declined to extend the preponderance standard beyond the removal context, even where the proponent of federal jurisdiction is the defendant in an

underlying parallel state court proceeding.  See, e.g., id. at 1107 ("Because a parallel action to compel arbitration commenced in federal court does not oust state court jurisdiction, the presumption against removal jurisdiction and attendant preponderance of the evidence standard, found in removal cases, do not apply.").

Here, State Farm commenced this action in federal court while the underlying state court action was proceeding.  However, unlike cases removed to federal court, this declaratory judgment action does not completely preclude the state court from adjudicating the underlying controversy.  In short, it is "much less intrusive on state court jurisdiction."  Id.  Accordingly, the legal certainty standard applies here.

In actions seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."  Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  In a declaratory relief action where "the applicability of [] liability coverage to a particular occurrence is at issue, the amount in controversy is the value of the underlying potential tort action."  Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997); accord Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002) ("[I]n declaratory judgment cases

that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim.") (citation and internal quotation marks omitted).

As a general rule, attorneys' fees are not included in determining the amount in controversy for purposes of diversity jurisdiction because, normally, the successful party does not collect attorneys' fees in addition to or as part of the judgment. Gald G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998) (internal quotation and citation omitted). However, there are "two logical exceptions to this rule: one where the fees are provided for by contract, and two, where a statute mandates or allows the payment of such fees." Id. (internal quotation and citation omitted).

In the context of a declaratory judgment action, whether the value of an insurance company's obligation to defend an underlying suit should be figured into the amount in controversy calculation appears to be an open question in the Ninth Circuit. However, several other circuits have held that such costs are jurisdictionally relevant. See, e.g., Advance Watch Co., Ltd. v. Kemper Nat. Ins. Co., 99 F.3d 795, 798 (6th Cir. 1996); Farmers Ins. Co. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979) (stating that insurer's potential losses can include the value of its obligation to defend its insured in an underlying suit); Stonewall Ins. Co. v.

Lopez, 544 F.2d 198, 199 (5th Cir. 1976) (concluding that the amount in controversy in an action for declaratory relief included the "pecuniary value of the obligation to defend a separate lawsuit"). District courts that have addressed the issue are in accord. See, e.g., SUA Ins. Co. v. Classic Home Builders, LLC, 751 F. Supp. 2d 1245, 1251 (S.D. Ala. 2010); Grange Mut. Cas. Co. v. Safeco Ins. Co. of America, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008); RWN Development Group, LLC v. Travelers Indem. Co. of Conn., 540 F. Supp. 2d 83, 89 (D.D.C. 2008).

The Court agrees with State Farm, and the other courts to have addressed the issue, that the value of the insurance company's obligation to defend an insured in an underlying suit is relevant for purposes of measuring the amount in controversy in an action for declaratory relief. To be sure, if State Farm were to obtain a declaration from this Court stating that it has no duty to defend or indemnify the Insureds, then it would be spared the expense of litigating the state court action, and presumably, could recoup the litigation expenses it has already absorbed. In sum, the Court is persuaded that State Farm's defense obligation is at issue in this litigation and thus the value of that obligation should be figured into the amount-in-controversy calculus.

"Under the legal certainty standard, the good faith allegations in [State Farm's Complaint] as to the amount in controversy suffice to establish the jurisdictional amount unless it appears legally certain that the amount in dispute is $75,000 or less." Geographic Expeditions, 599 F.3d at 1107. State Farm's Complaint alleges that the amount in controversy exceeds $75,000. According to State Farm, this allegation is based on the fact that the Currell's counterclaim seeks: (1) damages resulting from the alleged acts of negligence and nuisance, (2) damages resulting from the alleged harassment and intentional infliction of emotional distress, and (3) attorneys' fees and costs in connection with their claim for breach of the Hibiscus Acres Declaration of Covenants, Conditions and Restrictions.[2] State Farm has also taken into account the costs of defending the Insureds through trial. Given the potential liability in the underlying lawsuit and the potential costs of defending that action, it does not "appear to a legal certainty" that the amount in controversy requirement is not satisfied.

In reaching this conclusion, the Court does not rely on Defendants' contentions regarding the merits of the underlying counterclaims, including the

---

[2]The Court observes that, pursuant to Hawaii Revised Statute § 663-1.3, the state counterclaim does not specify the amount of damages sought. However, this does not preclude the application of the legal certainty test. See Geographic Expeditions, 599 F.3d at 1107.

11

applicability of any affirmative defenses. The amount in controversy is not the same as the amount ultimately recovered. See Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664 (9th Cir. 2005) ("'It is the amount in controversy which determines jurisdiction, not the amount of the award.'") (quoting American Guaranty Co. v. Caldwell, 72 F.2d 209, 211 (9th Cir.1934)); Scherer v. The Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 397–98 (2d Cir. 2003) ("affirmative defenses asserted on the merits may not be used to whittle down the amount in controversy") (internal quotation and citation omitted); 14B Charles A. Wright, Arther R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3702 at 74 (3d ed. 1998) ("Even when the complaint discloses a valid defense to the plaintiff's action, the sum claimed by the plaintiff controls, since the defendant may not assert that defense or may not ultimately prevail on it."). In short, Defendants' arguments regarding various affirmative defenses do not inform this Court's determination as to the amount in controversy.

CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** Defendants' Motion to Dismiss for lack of subject matter jurisdiction. (Doc. # 8.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 2, 2011.

_____
David Alan Ezra
United States District Judge

State Farm Fire and Casualty Co. v. Podoll, et al., CV No. 11-00486 DAE-KSC; ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION